1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David W. Turner, | No. CV-09-0888-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| American Hardware Mutual Insurance Company, | |
| Defendant. | |

Currently before the Court is Plaintiff's Motion to Remand. (Dkt. #13.) Defendant filed a response (Dkt. #14) and Plaintiff filed a reply. (Dkt. #15.) The court now rules on the motion.

**I.  Background**

Plaintiff alleges that on or about December 3, 2007, the Plaintiff was seriously injured in a motorcycle accident in the vicinity of North Hayden Road and 83rd Street in the city of Scottsdale, Arizona. Plaintiff alleges that he sustained significant injuries and damages as a result of the accident.

Plaintiff alleges that the at-fault driver's insurer tendered to Plaintiff the full limit of liability coverage available, but was inadequate to compensate the Plaintiff for the injuries and damages he sustained. Plaintiff alleges that he was at all times insured under Defendant's underinsured motorist policy, and entitled to underinsured motorist coverage and benefits.

1 The Plaintiff allegedly filed a claim under the policy for underinsured motorist coverage
2 which the Defendant in response denied.

3 As a result, on or about March 27, Plaintiff commenced this action in the Superior
4 Court of the State of Arizona, in and for the County of Maricopa. (Dkt. #1, Ex. 1,
5 Complaint). In his Complaint, Plaintiff alleges breach of contract and breach of good faith
6 and fair dealing (bad faith). (*Id.*) Plaintiff seeks actual damages, as well as attorney's fees and
7 costs.

8 On April 28, 2008, Defendant removed the case to the United States District Court for
9 the District of Arizona based on diversity jurisdiction. (Dkt. #1.) Plaintiff timely filed a
10 Motion to Remand claiming that this Court lacks subject matter jurisdiction because
11 Defendant has not provided sufficient evidence to establish that the amount in controversy
12 exceeds $75,000.00.

**II.    Legal Standard**

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Consistent with the limited jurisdiction of federal courts, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant

- 2 -

always has the burden of establishing that removal is proper." *Id.* at 566. *See also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citations omitted).

"[W]here the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction." *Gaus*, 980 F.2d at 566 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, (1938)). "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 290). But, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

"[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (citing *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir, 1995)). Thus, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "[T]he court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002). However, a court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994,

1002 (9th Cir. 2007). Accordingly, the defendant must set forth facts supporting the assertion that the amount in controversy exceeds the statutory minimum. *See Gaus*, 980 F.2d at 567.

### III. Discussion

In his motion to remand, Plaintiff argues that Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy is sufficient to confer jurisdiction and that Defendant has failed to satisfy its burden of proof.

This Court has a duty to ensure that it has subject matter jurisdiction over all cases before it. *See Valdez*, 372 F.3d at 1116. In the notice of removal, Defendant alleges jurisdiction based on diversity. Because Plaintiff does not demand a dollar amount in the Complaint, the Defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Singer*, 116 F.3d at 376. This requires that Defendant submit evidence to show it is more likely than not that the amount in controversy exceeds $75,000.00. *Sanchez*, 102 F.3d at 404. As for the type of evidence Defendant may rely upon, the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Valdez*, 372 F. 3d at 1117 (citations omitted). Defendants cannot rely simply upon conclusory allegations. *Singer*, 116 F.3d at 377.

In his removal petition, Defendant points to Plaintiff's allegations that Defendant failed to issue policy benefits in the amount of $500,000.00 to demonstrate the jurisdictional amount. (Dkt. #1.) However, in regards to insurance claims, "the jurisdictional amount in controversy is measured by the value of the underlying claim -- not the face amount of the policy." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). *See also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)*; Infinity Ins. Co. v. Guerrero*, 2007 WL 2288324 (E.D. Cal., 2007);14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3710 (3d ed. 1998). Therefore, Defendant's recitation of the policy limit at issue does not sufficiently establish the jurisdictional amount.

In *Valdez*, the Ninth Circuit made clear that the party asserting jurisdiction must show facts sufficient to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. 372 F.3d at 1117 ("[A] conclusory allegation neither overcomes the strong presumption against removal jurisdiction, nor satisfies the defendant's burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds the applicable dollar value") (internal quotations omitted). Here, the Court finds that the allegation in the notice of removal is insufficient to establish by a preponderance of the evidence that this Court has jurisdiction. Therefore, the party asserting jurisdiction, Defendant, has failed to meet its burden. *See Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir. 1987); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936).

Having made this finding that the removal petition is insufficient, the Court's inclination would be to remand the case. However, in *Valdez*, the panel found the allegation in the removal petition to be insufficient, and remanded the case, "to the district court for a determination of whether the amount in controversy is sufficient to establish jurisdiction . . . . We leave to the district court to conduct the proceedings and *consider the evidence it deems appropriate for its task*." 372 F.3d at 1118 (emphasis added).

The evidence offered by the Defendant in support of the requisite jurisdictional amount includes a letter sent by Plaintiff's former counsel to the Defendant, advising the Defendant to "set [] proper reserves." (Dkt. # 14, Ex.2.) That letter stated, "I anticipate Mr. Turner's total medical expense will exceed $250,000.00." (*Id.*) In determining whether the jurisdictional requirement has been met, this Court may consider evidence submitted subsequent to the notice of removal, including evidence submitted in conjunction with an opposition to a motion to remand. *Cohn*, 281 F.3d at 840 n.1; *see also Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"). The letter from Plaintiff's former attorney may not be deemed admissible for the purposes of trial, however, evidence submitted to the Court need not be admissible for the court to

consider in determining the amount in controversy. *Cohn*, 281 F.3d at 840 (citing *Chase v. Shop' N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (holding that plaintiff's settlement offer, although inadmissible, is properly consulted in determining "plaintiff's assessment of the value of her case")). *See also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"). So long as the letter reflects a reasonable and honest assessment of damages, it is relevant to the amount in controversy, and may therefore be consulted. *Cohn*, 281 F.3d at 840.

Plaintiff contends that the letter is too speculative to form the basis of a determination of the jurisdictional amount. *See Lowdermilk*, 479 F.3d at 998. However, the Ninth Circuit has only propounded two scenarios where the requirements of 28 U.S.C. § 1332(d) must be supported by evidence to a legal certainty: (1) when a complaint alleges damages in excess of the federal amount-in-controversy requirement; or (2) the complaint alleges damages less than the jurisdictional amount. *Id.* In both instances the legal certainty standard is appropriate because, "the plaintiff has alleged her facts and pled her damages, and [so long as] there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction." *Id.* at 999. In contrast, "when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Id.* at 998 (quoting *Abrego*, 443 F.3d at 683) (internal citations omitted). Here, the Complaint does not allege specific damages, and therefore the Defendant is not required to demonstrate to any certainty the amount of damages Defendant is liable for.

After consulting the letter, this Court finds the letter to be sufficient evidence that the amount in controversy is more likely than not to exceed $75,000.00. The letter, which was sent so that the Defendant "may set the proper reserves," made clear that Plaintiff's former counsel "anticipated" damages to exceed a certain amount. (Dkt. # 14, Ex.2.) The plain language of the letter leaves no ambiguity that the amount of compensation Plaintiff seeks

from the Defendant exceeds $250,000.00. The word 'anticipation' is commonly understood to mean "looking forward to as certain." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 94 (Philip Gove ed., G. & C. Merriam Co.) (1968). In context of the letter's purpose, which was to ensure that the Defendant "may set the proper reserves," the Court is persuaded that the Plaintiff looked forward to recovering from the Defendant at least $250,000.00 in medical expenses. When the recovery of a monetary sum entails a payment by the Defendant, then that sum must be included within any amount-in-controversy calculation. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). *See also Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action") (internal quotation omitted). Therefore, the Court finds that the amount in controversy was more likely than not to exceed $250,000.00. Accordingly, the Court concludes that it does not lack subject matter jurisdiction over this action.

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Remand (Doc. #13) is DENIED.

DATED this 28th day of July, 2009.

James A. Teilborg
United States District Judge